HUNTER et al. v. THE TELLUS (two cases). CALIFORNIA & ORIENTAL S. S. CO. v. SAME. TELLUS S. S. CO. v. THE BELGIAN KING. R. DUNSMUIR SONS' CO. v. SAME.

(District Court, N. D. California. January 16, 1902.)

Nos. 12,161, 12,224, 12,228, 12,196, and 12,195.

COLLISION—STEAMSHIPS IN FOG—FAILURE TO STOP AND REVERSE.
    Evidence considered in a cause for collision between the steamships Tellus and Belgian King in the Pacific Ocean, at night, in a dense fog, and the Belgian King *held* to have been solely in fault for failing to stop and reverse on becoming aware that she was in close proximity to another vessel, as the Tellus was shown to have done.

In Admiralty. Cross actions for collision.

Milton Andros, for G. B. Hunter and others, owners of the Belgian King.

Page, McCutchen, Harding & Knight, for Tellus S. S. Co.

DE HAVEN, District Judge. The collision between the steam-ship Belgian King and the steamship Tellus, which is the subject of the litigation involved in these cases, took place in a dense fog, at about a quarter to 11 o'clock on the night of July 17, 1900, at a point on the Pacific Ocean between Point Reyes and Point Arena, on the coast of California. As is usual in this class of cases, each ship contends that the collision was caused solely by the fault of the other. It is not deemed necessary to enter into any lengthy discussion of the evidence. It will be sufficient to say that it has been fully considered, and my conclusion is that the collision must be attributed to the fault of the Belgian King in not stopping when she became aware that she was in close proximity to the steamer which proved to be the Tellus. If it should be conceded that the Tellus committed an error, just before the collision, in porting her helm, and, after this was done, giving the signal of one blast from her whistle, such error did not, in my opinion, contribute to the collision. The nature of the wound received by the Tellus shows conclusively that she was not under headway when the collision took place, and that she was run into by the Belgian King. If the latter had stopped her engines and reversed, as she ought to have done, when she became aware that the other vessel was near to her, and hidden in the fog, the collision would not have occurred. The Belgian King was doubtless moving at a very low rate of speed, but she did not discharge her whole duty in slowing down under the circumstances. She should have stopped when she became aware of the presence of the other vessel, until she ascertained its position, and then it would have been easy for her to have avoided the collision.

The libels of Hunter et al. v. Tellus (No. 12,161), Hunter et al. v. Tellus (No. 12,224), and California & Oriental S. S. Co. v. Tellus (No. 12,228), will be dismissed, and there will be a decree for the libelants in the cases of Tellus S. S. Co. v. Steamship Belgian King (No. 12,196), and R. Dunsmuir Sons' Co. v. Belgian King (No. 12,-195), for damages and costs. The decree will further direct a reference to United States Commissioner Morse, to ascertain and report the amount of such damages.